IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CAROL D. JEBBIA, } | |
| TDCJ-CID NO. 558310, } | |
| Petitioner, } | |
| v. } | CIVIL ACTION NO. H-09-1721 |
| } | |
| RICK THALER,[1] } | |
| Respondent. } | |

OPINION ON DISMISSAL

Petitioner Carol D. Jebbia, a state inmate proceeding *pro se*, filed this habeas corpus action challenging the denial of parole by the Texas Board of Pardons and Paroles ("Parole Board").[2] Petitioner claims that as a result of changes in parole practices and procedures since the commission of her offense, the Parole Board has given her eleven set-offs and denied her parole without consideration of rehabilitation even though she is eligible for parole. (Docket Entry No.1). Petitioner claims that after she was denied parole for the eleventh time in 2008, she filed a request for a special review "based on error in Board rule and law." (*Id.*). The Parole Board considered her request but did not notify her that she could present evidence at the review hearing until after the review was denied. (*Id.*). Therefore, petitioner sought state habeas relief from the denial of parole on claims of due process and *ex post facto*

---

[1] Rick Thaler has replaced Nathaniel Quarterman as the Director of the Texas Department of Justice-Correctional Institutions Division. Accordingly, Thaler is automatically substituted as a party. FED. R. CIV. P. 25(d)(1).

[2] This Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. § 2254, which provides that jurisdiction is proper where the inmate is confined or where the conviction was obtained. *Wadsworth v. Johnson*, 235 F.3d 959, 961-62 (5th Cir. 2000). Petitioner was convicted of murder on April 10, 1990 by the 179th Criminal District Court of Harris County, Texas, in cause number 558,162. *Jebbia v. State*, No.A14-90-00313-CR, 1991 WL 168685 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd). Therefore jurisdiction is proper in this Court. 28 U.S.C. § 124(b)(2).

1

violations. (*Id.*). The Texas Court of Criminal Appeals, however, denied her application without written order on the trial court's findings without a hearing on May 20, 2009.[3] (*Id.*).

In the pending petition, petitioner complains that the Parole Board's brief parole eligibility review and brief special review, without affording her notice and opportunity to present evidence, and the state habeas courts' failure to afford her an evidentiary hearing on her state habeas application, have resulted in the Parole Board's reliance only on the severity of the offense in denying her parole release. (*Id.*). Petitioner contends that the Parole Board's exclusive reliance on the severity of the offense contravenes the discretionary scheme mandated by statute at the time she was sentenced and constitutes re-sentencing without due process or consideration of rehabilitation and the law in effect at the time of the charged offense. (*Id.*). In short, petitioner claims that in light of its policies and procedures implemented since the commission of her offense, the Parole Board has violated the Due Process and Equal Protection Clauses of the Fourteenth Amendment and the *Ex Post Facto* Clause of the Constitution by denying her release to parole. (*Id.*).

The federal courts are authorized to dismiss federal habeas petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. In this case, petitioner's habeas corpus application lacks an arguable basis in law, it is therefore frivolous and must be dismissed on that ground. *See McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998); *Newby v. Johnson*, 81 F.3d 567, 568-69 (5th Cir. 1996).

---

[3] *See* http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2371637

## DISCUSSION

### Due Process

The protections of the Due Process Clause are only invoked when State procedures that may produce erroneous or unreliable results imperil a protected liberty or property interest. *See Olim v. Wakinekona*, 461 U.S. 238, 250-51 (1983). Texas law does not create a liberty interest in parole that is protected by the Due Process Clause, and Texas prisoners have no constitutional expectancy of release on parole. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). "[B]ecause Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). Therefore, petitioner's due process claims regarding her parole review hearings and denials to parole release raise no cognizable grounds for federal habeas relief.

### Equal Protection

"The Fourteenth Amendment's promise that no person shall be denied the equal protection of the law must co-exist with the practical necessity that most legislation classifies for one purpose or another, with resulting disadvantage to various groups or persons." *Romer v. Evans*, 517 U.S. 620, 631 (1996). A state does not violate the Equal Protection Clause because legislative classifications are imperfect. *Dandridge v. Williams*, 397 U.S. 471, 485 (1970); *Johnson*, 110 F.3d at 306. As long as state classifications do not burden a fundamental right or target a suspect class, "'state agencies may pursue legitimate purposes by any means having a conceivable rational relationship to those purposes.'" *Johnson*, 110 F.3d at 306 (quoting *Stern v. Tarrant County Hosp. Dist.*, 778 F.2d 1052, 1054 (5th Cir. 1985) (en banc)).

Petitioner claims that the Parole Board denied her parole without consideration of rehabilitation and without an evidentiary hearing. She does not allege that she remains incarcerated as a result of some impermissible motive, such as race. In fact, she alleges nothing to indicate that he has been treated differently from those situated similarly. Accordingly, petitioner's equal protection claim is frivolous and subject to dismissal.

### *Ex Post Facto*

Although there is no constitutionally protected liberty interest in parole in Texas for purposes of due process, *an ex post facto* challenge does not turn on the existence of a liberty interest. *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995). One function of the *ex post facto* clause is to bar enactments which, by retroactive operation, increase the punishment for a crime after its commission. *Garner v. Jones*, 529 U.S. 244, 249 (2000). Retroactive changes to parole laws may, in some cases, violate this precept. *Id.* at 250. The proper inquiry in parole cases is whether the retroactive change in law creates a sufficient risk of increasing the measure of punishment attached to the covered crimes. *Id.*

Other than the eligibility requirements for parole, petitioner does not note the specific changes in Texas parole law, or Parole Board procedure and policies regarding parole suitability decisions that allegedly violate the *Ex Post Facto* Clause. In evaluating an alleged violation of the *ex post facto* doctrine, a court must analyze the level of risk that an inmate's prison stay will be longer because of a change in the law that applies retroactively. *See Garner*, 529 U.S. at 255. However, a new procedure that creates only a speculative and attenuated risk of increasing the measure of punishment does not create an *ex post facto* violation. *California Dep't of Corrections v. Morales*, 514 U.S. 499, 508-09 (1995); *Wallace v. Quarterman*, 516 F.3d 351, 355 (5th Cir.2008) (holding that laws affecting a prisoner's eligibility for parole may have

4

*ex post facto* implications, but laws affecting the discretionary determination of suitability for parole do not). Petitioner states no facts that would give rise to a finding that any of the Parole Board policies and procedures, of which she complains, has the effect of increasing her punishment. She complains only of policies that address her suitability and not her eligibility for parole. She further fails to identify any parole release laws that modify the statutory punishment imposed for any criminal offense. Petitioner's *ex post facto* claims, therefore, raise no cognizable grounds for federal habeas relief.

## State Habeas Process

To the extent that petitioner complains that the state habeas courts denied her state habeas application without a live evidentiary hearing, she fails to state a legal basis for federal habeas corpus relief. *See Clark v. Johnson*, 202 F.3d 760, 766 (5th Cir. 2000) (noting that a "full and fair hearing does not necessarily require live testimony"). Moreover, "alleged infirmities in state habeas proceedings are not grounds for federal habeas relief." *Brown v. Dretke*, 419 F.3d 365, 378 (5th Cir. 2005).

## CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the court's ruling debatable. Therefore, a certificate of appealability from this decision will not issue.

## CONCLUSION

Accordingly, the court ORDERS the following:

1. Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.

2. This cause of action is DISMISSED with prejudice.

3. A certificate of appealability is DENIED.

4. All pending motions are DENIED.

It is so ORDERED.

SIGNED at Houston, Texas, this 14th day of October, 2009.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE